## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
## CIVIL MINUTES

---

| | | | |
|---|---|---|---|
| **Case Title :** | Thomas W Hall and Gloria J Hall | **Case No :** | 11−30719 − E − 13L |
| | | **Date :** | 6/28/11 |
| | | **Time :** | 02:00 |
| **Matter :** | [17] − Motion/Application to Value Collateral of Wells Fargo Bank, NA [BLG−1] Filed by Joint Debtor Gloria J Hall, Debtor Thomas W Hall (pdes) | | UNOPPOSED |
| **Judge :** | Christopher M. Klein | | |
| **Courtroom Deputy :** | Teresa Jackson | | |
| **Reporter :** | NOT RECORDED | | |
| **Department :** | E | | |

**APPEARANCES for :**
**Movant(s) :**
None
**Respondent(s) :**
None

---

MOTION was :
Granted
See Findings of fact and conclusions of law below

The court will issue a minute order.

Local Rule 9014−1(f)(1) Motion − No Opposition Filed.

Proper Notice Provided. The Proof of Service filed on May 25, 2011, states that the Motion and supporting pleadings were served on Debtors, Chapter 13 Trustee, respondent creditor, FN.1 and Office of the United States Trustee. By the courts calculation, 34 days notice was provided.
--------------------------------------------------------------------------
FN.1. The court notes that Debtors failed to serve the registered agent for service of process as on file with the California Secretary of State. However service was properly made upon an officer of the Bank at is headquarters as on file with the FDIC.
--------------------------------------------------------------------------
The Motion to Value Collateral has been set for hearing on the notice required by Local Bankruptcy Rule 9014−1(f)(1). The failure of the respondent and other parties in interest to file written opposition at least 14 days prior to the hearing as required by Local Bankruptcy Rule 9014−1(f)(1)(ii) is considered as consent to the granting of the motion. Cf. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). Further, because the court will not materially alter the relief requested by the moving party, an actual hearing is unnecessary. See Boone v. Burk (In re Eliapo), 468 F.3d 592 (9th Cir. 2006). Therefore, the defaults of the respondent and other parties in interest are entered, the matter will be resolved without oral argument and the court will issue its ruling from the parties pleadings.

The Motion to Value Collateral is granted and creditors secured claim is determined to be $0.00. No appearance required.

The motion is accompanied by the Debtors declaration. The Debtors are the owners of the subject real property commonly known as 4561 Olivegate Drive, Fair Oaks, California. The Debtors seek to value the property at a fair market value of $170,000.00 as of the petition filing date. Given the absence of contrary

evidence, the court accepts the Debtors opinion of value. See Enewally v. Washington Mutual Bank (In re Enewally), 368 F.3d 1165 (9th Cir. 2004).

The first deed of trust secures a loan with a balance of approximately $274,742.00. Wells Fargo Bank, N.A.s second deed of trust secures a loan with a balance of approximately $50,286.83. Therefore, the respondent creditors claim secured by a junior deed of trust is completely under−collateralized. The creditors secured claim is determined to be in the amount of $0.00, and therefore no payments shall be made on the secured claim under the terms of any confirmed Plan. See 11 U.S.C. § 506(a); Zimmer v. PSB Lending Corp. (In re Zimmer), 313 F.3d 1220 (9th Cir. 2002); Lam v. Investors Thrift (In re Lam), 211 B.R. 36 (B.A.P. 9th Cir. 1997). The valuation motion pursuant to Federal Rule of Bankruptcy Procedure 3012 and 11 U.S.C. § 506(a) is granted.